COPY

## IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| ANANT N. PATEL | ) | CASE NO. 2004-01-0281 |
| 11336 Ravenna Road | ) | |
| Twinsburg, Ohio 44087 | ) | |
| | ) | JUDGE ASSIGNED TO JUDGE HUNTER |
| and | ) | |
| | ) | **COMPLAINT FOR INJUNCTIVE** |
| AKSHAR PURSHOTTAM CORP. | ) | **AND OTHER RELIEF** |
| dba Twinsburg Country Inn. | ) | |
| 11336 Ravenna Road | ) | (Jury Demand Endorsed Hereon) |
| Twinsburg, Ohio 44087 | ) | |
| | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF TWINSBURG | ) | |
| an Ohio municipal corporation | ) | |
| 10075 Ravenna Road | ) | |
| Twinsburg, Ohio 44087 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RUSSELL J. RODIC | ) | |
| Individually and in his capacity as | ) | |
| Building Commissioner for the City of | ) | |
| Twinsburg, Ohio | ) | |
| c/o 10075 Ravenna Road | ) | |
| Twinsburg, Ohio 44087 | ) | |
| | ) | |
| *Defendants.* | ) | |

Now comes Plaintiffs Anant N. Patel, ("Patel" ) and Akshar Purshottam Corp.

("Twinsburg Country Inn.") and for their Complaint against Defendants The City of

Twinsburg ("Twinsburg" or ("City")) and Russell J. Rodic ("Rodic") allege and aver as

follows:

COPY

## INTRODUCTION

This action seeks to remedy a course of intentionally malicious and arbitrary conduct engaged in by the Defendants which is and has been designed to interfere purposefully with Plaintiffs' lawful use of property, and to prohibit and obstruct Plaintiffs from engaging in lawful business in the City of Twinsburg. The Plaintiffs seek relief in the form of permanent injunctive relief prohibiting Defendants from engaging in conduct with violates the rights guaranteed Plaintiffs under the Fourteenth Amendment to the United States Constitution, declaratory relief, and damages resulting proximately from Defendants' past unconstitutional and illegal conduct.

## PARTIES

1.      Plaintiff Akshar Purshottam Corp. ("A.P. Corp." or "Twinsburg Country Inn") is an Ohio corporation with its principle place of business in Twinsburg, Ohio. It does business as the Twinsburg Country Inn, a motel offering lodging accommodations to the general public. On May 30, 1997 it was issued by the City of Twinsburg a Certificate of Business Occupancy (No. 1737), permitting it to do business at 11336 Ravenna Road in the City of Twinsburg, Ohio.

2.      Plaintiff Anant N. Patel ("Patel") is an adult citizen and resident of the State of Ohio. Patel is the sole equity owner and president of Plaintiff A.P. Corp.

3.      Defendant City of Twinsburg ("City" or "Twinsburg") is an Ohio municipal corporation, organized and existing under the laws of the State of Ohio, and capable of suing and being sued.

2

COPY

4.      Defendant Russell J. Rodic ("Rodic") is an adult citizen and resident of the State of Ohio, who is and has been at all times relevant the Building Commissioner for the City of Twinsburg, Ohio.  He acts at the direction of, and in concert with, the City of Twinsburg by and through its elected and appointed officials.

## JURISDICTION AND VENUE

5.      Among other things, this is a civil rights action brought pursuant to 42 U.S.C. 1983 and arising directly under the Constitution and laws of the United States of America. This action seeks money damages, injunctive relief and declaratory relief to address the deprivation by the Defendants acting under color of law, of the rights, privileges and immunities secured to Plaintiffs by the Constitution and laws of the United States of America including, but not limited to, rights secured by the Fourteenth and Fifth Amendments to the United States Constitution.

6.      Plaintiffs seek to enjoin Defendants, their officers, agents, servants, employees and attorneys, and all others in active concert or participation with the City of Twinsburg who receive actual notice of the Court's orders, temporarily and permanently from engaging in arbitrary and malicious acts, not specifically authorized by existing laws of the State of Ohio or the City of Twinsburg, which prevent Plaintiffs from conducting lawful business in the City of Twinsburg.  As a result of the wrongful actions of the Defendants, the Plaintiffs have suffered and will continue to suffer irreparable injury for which there exists no plain, adequate and complete remedy at law.

## FACTUAL BACKGROUND

7.      Plaintiff Twinsburg County Inn is a motel doing business in the City of

3

COPY

Twinsburg, Ohio. It offers lodging to the general public for a fee.

8.      The City of Twinsburg, pursuant to the Twinsburg Codified Ordinances

("TCO"), granted to the Twinsburg Country Inn a Certificate of Business Occupancy on May

30, 1997. It was issued purportedly pursuant TCO §1153.04. Despite its declaration that

TCO §1153.04 governs the issuance of Certificates of Business Occupancy, it does not. *See*

Exhibit A, Certificate of Business Occupancy, attached hereto.   TCO §1153.04 had, and has,

nothing to do with Certificates of Business Occupancy.

9.      On or about August 1, 2003, Defendant Commissioner Rodic sent to Patel a

letter, which states in pertinent part, "I am advising you that your certificate of business

occupancy has been revoked immediately. . . You are now directed to have the building

vacated within 30 days but no later than September 2, 2003."

10.     The revocation of Mr. Patel and A.P. Corp.'s Certificate of Business

Occupancy by Rodic was premised upon Mr. Patel and A.P. Corp. allegedly utilizing the

premises in a manner "outside the provisional use of the certificate." *See* Exhibit B, August

1, 2003 Rodic Letter, attached hereto.

11.     The Order attached hereto as Exhibit A did not advise Mr. Patel of a right to

appeal the decision nor did it provide Mr. Patel a right to be heard before its effective date. As

states, it was effective immediately.

12.     Fearing prosecution, and left with no other choice, Mr. Patel ceased operating

his business on or before September 2, 2003, as he was unlawfully ordered to do.

13.     Despite the Order of Mr. Rodic, nothing within the City of Twinsburg Zoning

Code vests Mr. Rodic with the authority to revoke an issued Certificate of Business Occupancy

4

COPY

Permit.

14.     Solely out of fear that Twinsburg and Rodic were attempting to use the administrative process coercively against them, and to avoid an argument that Patel and A.P. Corp. had failed to exhaust there administrative remedies (despite the fact that Twinsburg has no provision for revoking business occupancy permits, nor provisions for administrative appeals from such orders) , Patel and A.P. Corp. nevertheless appealed the August 1, 2003 decision to the Twinsburg Board of Building and Zoning Code Appeals.

15.     On or about November 5, 2003, the Twinsburg Board of Building and Zoning Code Appeals affirmed the decision of the Building Commissioner and ordered Mr. Patel to cease operations within the City of Twinsburg.

**COUNT ONE**
(Declaratory Relief)

16.     Plaintiffs incorporate as though rewritten herein the allegations contained in Paragraphs One through Fifteen above.

17.     The process employed by the City of Twinsburg to revoke Business Occupancy Permits is an unwritten process, not authorized by the Codified Ordinances or Charter of the City of Twinsburg.  The City of Twinsburg has bestowed the power to revoke Business Occupancy Permits upon Mr. Rodic in his capacity as Building Commissioner.

18.     Despite purporting to possess the power to revoke Business Occupancy Permits once they are issued, the City of Twinsburg has failed to create and publish the procedures to be followed when revoking such permits as well as the standards, tests and criteria to be used when purporting to revoke Business Occupancy Permits.   In failing to create and publish said

standards, tests and criteria, the City of Twinsburg has improperly vested in Mr. Rodic unfettered discretion, unbound by standards promulgated and made known to the community in general, and holders of Business Occupancy Permits in particular.

19.     The City of Twinsburg has also established a process to revoke Business Occupancy Permits which exists beyond the normal administrative processes of the City of Twinsburg; to wit, it authorizes a pre-hearing revocation with no established right of appeal from an order revoking a Business Occupancy Permit.

20.     Whether through the issuance of occupancy permits or otherwise, the City of Twinsburg vests in its citizens certain rights and property interests.   Revoking such permission without any standards for doing so, at the unfettered discretion of its building official Mr. Rodic, and without warning or an opportunity to for hearing, unlawfully interferes with the rights and property interests of its citizens, including Plaintiffs, in violation of the United States and Ohio Constitutions.

21.     Plaintiffs are entitled to a declaratory judgment pursuant to 42 U.S.C. 1983 declaring and decreeing that the unwritten license revocation scheme developed and conducted by the City of Twinsburg, as further identified herein, is unlawful and, as implemented to revoke the Business Occupancy Permit of Plaintiffs as well as others, violates the United States and Ohio Constitutions.

COUNT TWO<br/>(Substantive Due Process)

22.     Plaintiffs incorporate as though rewritten herein the allegations contained in Paragraphs One through Twenty One above.

23.    Defendant Rodic and Twinsburg, while acting under color of law, maliciously and intentionally, through a course of arbitrary and capricious conduct, have caused Plaintiffs to be deprived of rights guaranteed them under the Fourteenth Amendment to the Constitution of The United States of America.

24.    As a direct and proximate result of the conduct of Defendant Rodic and Twinsburg, Plaintiffs have suffered and will continue to suffer injury by being prevented from carrying on lawful business in the City of Twinsburg, a right afforded protection by the Fourteenth Amendment to the Constitution of The United States of America.

25.    The conduct of Defendants Rodic and Twinsburg constitutes a violation of the substantive due process guarantees afforded Plaintiffs by the Fourteenth Amendment to the Constitution of the United States of America.

### COUNT THREE
(Procedural Due Process)

26.    Plaintiffs incorporate as though rewritten herein the allegations contained in Paragraphs One through Twenty Five above.

27.    The City of Twinsburg, through its Building Commissioner Russell J. Rodic, recklessly, intentionally, and/or, at least, with reckless disregard to Plaintiffs' rights, caused the aforesaid deprivation of Plaintiffs' constitutional rights by establishing, ratifying and maintaining a practice and policy of unlawfully and without authority to do so, revoking in a unilateral fashion, established rights arising pursuant to lawfully issued Certificates of Business Occupancy.

28.    The Defendants' actions were in contradiction to well established constitutional

7

COPY

principles which govern their conduct including, but not limited to, the prohibition against denying protected liberty and property interests without a hearing.

29.　As a direct and proximate result of the concerted intentional and malicious conduct of Defendants, Plaintiffs have suffered and will continue to suffer injury by being prevented from carrying on lawful business in the City of Twinsburg, a property right afforded protection under the United States and Ohio Constitutions.

COUNT FOUR
(Civil Rights, Takings Claim)

30.　Plaintiffs incorporate as though rewritten herein the allegations contained in Paragraphs One through Twenty Nine above.

31.　The acts and conduct of Commissioner Rodic, as set forth above, did not through any lawful means substantially advance legitimate state interests and denied Plaintiffs an economically viable use of their property. The acts and conduct constitute an unconstitutional taking of property under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution, for which Plaintiffs are entitled to compensation.

COUNT FIVE
(Injunction)

32.　Plaintiffs incorporate as though rewritten herein the allegations contained in Paragraphs One through Thirty One above.

33.　The unlawful conduct of Defendants as identified herein will, unless permanently enjoined, be used by the City of Twinsburg in an arbitrary, capricious, and selective manner, designed to inflict financial injury on those targeted by Twinsburg for pre-

COPY

hearing Business Occupancy Permit revocation.

34.    As Twinsburg has no provisions for the revocation of Business Occupancy Permits, and does not afford a pre-revocation hearing to those whose licenses it terminates, Defendants' actions have caused, and will continue to cause to Plaintiff and perhaps others, immediate and irreparable harm, for which no adequate remedy at law exists.

35.    Plaintiffs are entitled to a permanent injunction (a) barring Defendants from revoking Business Occupancy Permits in the absence of duly enacted scheme both permitting the revocation of such permits, and establishing guidelines for said revocation; (b) barring Defendants from revoking Business Occupancy Permits without a pre-revocation hearing and opportunity defend; (c) barring Defendants from revoking Business Occupancy Permits in the absence of an established administrative appellate procedure, which permits judicial review of said revocation; and (d) restoring to Plaintiffs the Business Occupancy Permit which Defendants unlawfully and unconstitutionally "revoked," contrary to existing and established legal principles.

WHEREFORE, on their Complaint, Plaintiffs demand the following relief:

(1)    A declaratory judgment pursuant to 42 U.S.C. 1983 declaring and decreeing that the unwritten license revocation scheme developed and conducted by the City of Twinsburg is unlawful and, as implemented to revoke the Business Occupancy Permit of Plaintiffs, violates the United States and Ohio Constitutions.

(2)    A permanent injunction (a) barring Defendants from revoking Business Occupancy Permits in the absence of duly enacted scheme both permitting the revocation of such permits, and establishing guidelines for said revocation; (b) barring Defendants from

9

COPY

revoking Business Occupancy Permits without a pre-revocation hearing and opportunity defend; (c) barring Defendants from revoking Business Occupancy Permits in the absence of an established administrative appellate procedure, which permits judicial review of said revocation; and (d) restoring to Plaintiffs the Business Occupancy Permit which Defendants unlawfully and unconstitutionally "revoked," contrary to existing and established legal principles.

(3)      As to Counts Two, Three and Four, an award of compensatory damages against Defendants City of Twinsburg and Russell Rodic, jointly and severally, in an amount in excess of Twenty Five Thousand Dollars and No Cents ($25,000.00); and

(4)      An award of punitive damage against Defendant Rodic in an amount to be determined at trial, in no event less than One Hundred Thousand Dollars and No Cents ($100,000.00).

(5)      An award of plaintiffs' attorney fees and costs against all defendants pursuant to 42 U.S.C. 1988; and

(6)      Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Michael R. Gareau (0012391)
Michael R. Gareau, Jr. (0066688)
David M. Gareau (0066687)
MICHEL R. GAREAU & ASSOC., CO., L.P.A.
23823 Lorain Road, Suite 200
North Olmsted, Ohio 44070
(440) 777-1500; (440) 777-0107 (facsimile)
Attorneys for Plaintiffs

10

COPY

<u>Jury Demand</u>

Plaintiffs hereby demand a trial by jury on all matters properly presented to a jury.

Michael R. Gareau, Jr. (0066688)
One of Plaintiffs' Attorneys



COPY

# CERTIFICATE OF BUSINESS OCCUPANCY

N⁰ 1737

### CITY OF TWINSBURG

### DIVISION OF BUILDING

NAME OF BUSINESS  Akshar Purshottam Corp
dba Twinsburg Country Inn  DATE  5/30/97

BUSINESS ADDRESS  11336 Ravenna Road  PHONE  425-8040

NAME OF OWNER  Anant N. Patel  EMERGENCY PHONE  963-3903

The issuance of this occupancy certificate is in accordance with the Zoning Code of the City of Twinsburg, Section 1153.04.  This certificate shall apply only to the above named company and shall not be transferable.

POST IN CONSPICUOUS PLACE

_Robert W_
Chief Building & Zoning Inspector

**EXHIBIT**

A

COPY

# City of Twinsburg



Est. 1817

Katherine A. Procop
Mayor

Division of Building
Housing and Zoning

August 1, 2003

Mr. Anant N. Patel
Akshar Purshottam Corp
Dba Twinsburg Country Inn
11336 Ravenna Road
Twinsburg Ohio 44087

Dear Mr. Patel:

I am advising you that your certificate of business occupancy has been revoked immediately. The certificate of business occupancy was issued based on the 1995 OBBC Use Group R-1, which states the following 'This use group shall include all buildings arranged for shelter and sleeping accommodations in which the occupants are primarily transient in nature, occupying the facilities for a period of less than thirty days'. It has been determined that you are acting in a manner outside the provisional use of the certificate.

You are now directed to have the building vacated within thirty days but no later than September 2, 2003.

Respectfully,

Russell J. Rodic
Building Commissioner

RJR/pw

Cc: Mayor Katherine Procop
David Maistros, City Prosecutor
Chuck Webster, City Law Director
Capt. Bender, City Fire Inspector
Sgt. Jeff Nash, Det. Bureau
Lou Krulcik, City Housing Inspecto
Sherri Reddish, State Fire Marshall

**EXHIBIT**
B

## COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

PATEL, ANANT N.
11336 RAVENNA RD.
TWINSBURG, OH 44087

Plaintiff      Case No.    CV-2004-01-0281

vs            **SUMMONS**

CITY OF TWINSBURG
10075 RAVENNA RD.
TWINSBURG, OH 44087

JAN 21 2004

DATE_____ SUMMONS ISSUED WITH __2__
COPIES OF _____ *Compl.*
BY _____ *Cert. Mail*

Defendant

**To the following named defendants:**

CITY OF TWINSBURG
10075 RAVENNA RD.
TWINSBURG, OH 44087

You have been named defendant(s) in a complaint filed in Summit County Court Of Common Pleas, Summit County Court House, Akron Ohio 44308, by :

PATEL, ANANT N.
11336 RAVENNA RD.
TWINSBURG, OH 44087

Plaintiff(s). A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:
MICHAEL R.. GAREAU,
23823 LORAIN RD., SUITE 200
NORTH OLMSTED, OH 44070

**You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint within twenty-eight days after service of this summons on you, exclusive of day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record.**

If you fail to appear and defend, judgment by default may be rendered against you for the relief demanded in the complaint.

| **Certified Article Number** | |
|---|---|
| 7160 3901 9848 1934 8953 | |
| **SENDERS RECORD** | |

January 16, 2004

**Diana Zaleski**
Clerk, Court Of Common Pleas
Summit County, Ohio

By: _____ *M. C.* _____ Deputy Clerk

COPY

**COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO**

PATEL, ANANT N.
11336 RAVENNA RD.
TWINSBURG, OH 44087

Plaintiff          Case No.    CV-2004-01-0281

vs                 **SUMMONS**

CITY OF TWINSBURG
10075 RAVENNA RD.
TWINSBURG, OH 44087

Defendant

**To the following named defendants:**

RODIC, RUSSELL J.
INDIVIDUALLY AND AS BUILDING
COMMISSIONER
C/O 10075 RAVENNA RD.
TWINSBURG, OH 44087

You have been named defendant(s) in a complaint filed in Summit County Court Of Common Pleas, Summit County Court House, Akron Ohio 44308, by :

PATEL, ANANT N.
11336 RAVENNA RD.
TWINSBURG, OH 44087

Plaintiff(s). A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:
MICHAEL R.. GAREAU,
23823 LORAIN RD., SUITE 200
NORTH OLMSTED, OH 44070

**You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint within twenty-eight days after service of this summons on you, exclusive of day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record.**

If you fail to appear and defend, judgment by default may be rendered against you for the relief demanded in the complaint.

| Certified Article Number | |
|---|---|
| 7160 3901 9848 1934 8946 | **Diana Zaleski** |
| SENDERS RECORD | Clerk, Court Of Common Pleas |
| January 16, 2004 | Summit County, Ohio |

By: _____ *M. C.*  Deputy Clerk